## OHIO BELL TELEPHONE CO v WACO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13507.    Decided May 31, 1934

Tolles, Hogsett & Ginn, Cleveland, for plaintiffs in error.

Payer, Corrigan & Cook, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist) and WILLIAMS, J, (6th Dist) sitting.

### OPINION

By HAMILTON, PJ.

The plaintiff in error urges that the trial court erred in its refusal to direct a verdict for the defendant at the close of the plaintiff's evidence. It is claimed that the evidence of the plaintiff shows as a matter of law that there was no negligent act of the defendant which was the proximate cause of the accident. It is claimed that the automobile in which the plaintiff minor was riding, and which was operated by his mother, was deliberately swerved by her, and that the swerving of her car was the proximate cause of the accident, and that she was not confronted by an emergency justifying her act in swerving the car.

It is further claimed that there was no

negligent act on the part of the defendant or any fact which would justify an inference of negligence on its part.

It is the law that even if the mother of the child, who was driving the car, was guilty of negligence which contributed to the accident, this could not be imputed to the child. So that the whole question turns on whether or not there was any negligence on the part of the Telephone Company proximately contributing to the accident.

There is evidence tending to show that the operator of the Bell Telephone Company's car pulled over to the right side of Euclid Avenue, going east, awaiting the turn of the traffic light to cross Euclid Avenue into Ivanhoe Road; that his engine was running. There is evidence tending to show that the driver of the automobile in which the minor was riding had reached the intersection and was near or under the traffic light when it changed from green to caution. There is evidence tending to show that immediately upon the change from green to caution, the driver of the Telephone Company's car started his car, dashed toward Ivanhoe Road, across the path of the automobile in which the plaintiff minor was riding. There is evidence tending to show that had the driver of the car in which the plaintiff was riding proceeded straight, there would have been a collision. Some witnesses in fact testified that they looked expecting a collision. Thereupon, the driver of the car in which the minor was riding swerved to the left to avoid a collision. There is some evidence that the cars collided; the fender of the Telephone Company car striking the rear hub of the other car. Whether or not the coming together of the cars added to the cause of the overturning of the car in which the plaintiff was riding, and whether or not there was such an emergency as would justify the driver in swerving her car, were questions for the jury.

There was ample evidence to take the case to the jury on the question of an emergency justifying the swerving of the car. Since this is the crux of the case, we cannot say as a matter of law that the acts of the driver of the Telephone Company car did not constitute negligence proximately contributing to the injury.

The trial court was correct in overruling the motion for an instructed verdict. Finding no prejudicial error in the record, the judgment of the Court of Common Pleas is affirmed.

ROSS and WILLIAMS, JJ, concur.